## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANGEL ACETTI,                     )
                                  )
     Plaintiff,               )
                                  )
v.                                )        Civil Case No.: 6:20-cv-2198
                                  )
CT LILLY PLUMBING, INC.           )
                                  )
     Defendant.               )
_____/

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff ANGEL ACETTI ("Plaintiff" or "Acetti"), files his Complaint against Defendant, CT LILLY PLUMBING, INC. ("Defendant" or "CT Lilly"), and in support he states the following:

### NATURE OF THE CLAIMS

1.    This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his race, national origin, and disability leading to his unlawful termination.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

1

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4.      Plaintiff, Acetti is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Lake County, Florida.

5.      Defendant, CT Lilly, is a Florida For Profit Corporation with its principal place of business in St. Cloud, Florida.

6.      Plaintiff worked for Defendant at 7 E 17th St, St Cloud, FL 34769.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On February 28, 2020 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on race, national origin, disability, and retaliation.

10.     Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11.     On November 3, 2020 the EEOC issued to Plaintiff his Notice of Right to Sue.

2

12.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Plaintiff worked for Defendant as a full-time HVAC Foreman.

14.     Plaintiff is a disabled Hispanic male.

15.     Plaintiff suffers from Type II Diabetes and Stage III Kidney Disease which resulted in a Mini-Stroke.

16.     Plaintiff notified Defendant about his disabilities.

17.     Plaintiff's disabilities substantially limit his major life activities including eating, walking, and standing during medical episodes. Plaintiff also required hospitalizations as a result of his disabilities.

18.     At all times relevant, Plaintiff was able to perform the essential functions of his job with or without accommodations

19.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20.     Due to his disability, Plaintiff requested the reasonable accommodation of being permitted the occasional day off or to occasionally leave early. Permitting the occasional absence did not cause an undue hardship on Defendant.

21.     On days that Plaintiff experienced medical complications due to his disability, Plaintiff informed his superior, Project Manager Junior Beckford (African

American, Jamaican), about his disability flare and requested the reasonable accommodation of a day off or a partial shift.

22.     Plaintiff also provided a copy of a doctor's note and contacted Kristina Lilly (Caucasian, Non-Hispanic), Owner, about his disabilities.

23.     Mr. Beckford approved Plaintiff's time off, but willfully neglected to properly handle and record Plaintiff's medical documentation and time off approvals. Failing to record Plaintiff's approved absence as approved and his medical documentation was a failure to provide the requested accommodation.

24.     Mr. Beckford's failure to accurately record Plaintiff's time off requests resulted in discrepancies in Plaintiff's file, such as showing Plaintiff as working despite having informed Mr. Beckford of his disability related early departure, to establish pretext to take adverse actions against Plaintiff.

25.     Mr. Beckford permitted Plaintiff's non-disabled counterparts, such as Angel (last name unknown) to leave without notice and without repercussions.

26.     On July 22, 2019, Ed Gaskin, Manager (Caucasian) attempted to terminate Plaintiff for allegedly idling in the company truck too long. Plaintiff disputed the termination explaining he was waiting for several properly scheduled deliveries that never arrived. Despite being exonerated of any wrongdoing, Mr. Gaskin proceeded to strip Plaintiff of his privileges to use Defendant's company truck out of discriminatory animus.

27.     Defendant's company truck was Plaintiff's only mode of transportation, so Plaintiff requested permission to continue taking the truck home for a few days to give him

4

time to secure other transportation. Plaintiff sent the request to Mr. Gaskin, Mr. Beckford, Ms. Lilly, and Tom Lilly.

28.     Mr. Gaskin replied stating that he would tell them that Plaintiff was not leaving it that night, and he would see what he could do. At no point was Plaintiff given any indication that the request was denied.

29.     Defendant then reassigned Plaintiff's truck to a Jamaican, African American new hire who did not qualify for a truck per Defendant's own policies.

30.     On November 15, 2019 Defendant terminated Plaintiff.

31.     Plaintiff asked for a reason for the termination, but Defendant simply provided a pretextual response of "the other job."

32.     Plaintiff again asked for a reason for his termination, but Defendant was unable to provide one.

33.     Plaintiff is not the only employee Defendant discriminated against based on national origin. For example, Mr. Beckford intentionally called Yariel Morales (male) female names like "Ariel," despite being corrected numerous times to harass Mr. Morales for his culturally based name.

34.     Upon information and belief, Defendant also terminated two Puerto Rican, Hispanic employees and a Caucasian employee from Mr. Beckford's team and replaced them with Jamaican, African American candidates, establishing a pattern of discriminatory conduct.

35.     Plaintiff has been damaged by Defendant's illegal conduct.

36.     Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

37.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**National Origin Based Discrimination in Violation of Title VII**

38.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-37 above.

39.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his national origin (Hispanic).

40.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of his national origin regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

41.     Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on his national origin.

42.     Defendant intentionally discriminated against Plaintiff based on his national origin.

43.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief..

44.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count II:**
**Race Based Discrimination in Violation of Title VII**

45.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-37 above.

46.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race (Hispanic).

47.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

48.     Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on his race.

49.     Defendant intentionally discriminated against Plaintiff based on his race.

50.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief..

Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

7

**Count III:**
**Disability Discrimination in Violation of the ADA**

51.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

52.     At all times relevant to this action, Plaintiff was a qualified individual with a disability under the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54.     Defendant violated the ADA by discharging and discriminating against Plaintiff based on his disability.

55.     Defendant willfully failed to properly provide Plaintiff's requested reasonable accommodation.

56.     Defendant intentionally discriminated against Plaintiff on the basis of his disability.

57.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

8

58.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count IV:**
**Failure to Accommodate in Violation of the ADA**

59.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

60.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61.     Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

62.     Plaintiff requested reasonable accommodations for his disability.

63.     Defendant violated the ADA by failing to properly provide the accommodation or otherwise engage in the interactive process and terminating Plaintiff on the basis of what should have been his reasonable accommodation.

64.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

65.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count V:**
**Discrimination in Violation of the ADA**

66.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

67.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

68.     Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

69.     Plaintiff requested reasonable accommodations for his disability.

70.     Defendant violated the ADA by terminating Plaintiff on the basis of his disability and need for reasonable accommodations.

71.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

72.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)      Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)      Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*

11